**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4536**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ELIJAH SMITH, a/k/a Miami Dave,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 19-6496)

Submitted: September 16, 2021                     Decided: September 29, 2021

Before GREGORY, Chief Judge, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Elijah Smith, Appellant Pro Se. Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2019, this court affirmed David Elijah Smith's convictions for transfer of a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Smith*, 771 F. App'x 197, 198-99 (4th Cir. 2019). Weeks later, the Supreme Court issued its decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), holding that, to convict a defendant of a § 922(g) offense, the Government must prove that the defendant knew of his prohibited status. *Id.* at 2195-97, 2200. As a result, Smith petitioned for a writ of certiorari and, on the Government's recommendation, the Supreme Court granted the petition, vacated this court's opinion, and remanded for further consideration in light of *Rehaif*. The parties have now filed supplemental briefs addressing *Rehaif*'s impact on Smith's convictions. Because we conclude that the *Rehaif* error did not affect Smith's substantial rights, we affirm.

Smith contends that, at the time of the underlying offense conduct, he was using alcohol, drugs, and prescription medications in such a quantity that he could not remember that he was a felon. Because Smith did not make this argument in the district court, we review only for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). For a defendant to prevail under this standard, we must find that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted).

"In felon-in-possession cases after *Rehaif,* the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." *Greer*, 141 S. Ct. at 2095. So, for a defendant to establish that a plain *Rehaif* error affected his substantial rights, the defendant must "make[] a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. "When a defendant advances such an argument or representation on appeal, the [appellate] court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.*

Owing to convictions for numerous felonies, Smith, now age 67, has spent a substantial portion of his adult life incarcerated. Indeed, just a few years before committing the instant offenses, Smith finished serving roughly 18 years in prison for drug and firearm convictions. Thus, given Smith's decades-long criminal history, we discern no reasonable probability that a jury would have credited his conclusory claim that alcohol, drugs, and medication so clouded his memory that he forgot he was a felon.

Accordingly, we affirm Smith's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*